IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION
Civil Action No.:

| | |
|---|---|
| THE CHARLOTTE MECKLENBURG BOARD OF EDUCATION, | ) ) ) |
| Plaintiff, | ) ) |
| v. | ) ) ) **COMPLAINT** |
| 34 ED, LLC d/b/a CENTEGIX, | ) **(Jury Trial Demanded)** ) ) |
| Defendant. | ) ) |

The Plaintiff, The Charlotte-Mecklenburg Board of Education ("Plaintiff" or "the Board"), by and through its undersigned counsel, complaining of the Defendant, 34 ED, LLC d/b/a CENTEGIX ("Defendant" or "CENTEGIX"), respectfully alleges and shows unto the Court as follows:

## NATURE OF ACTION

Plaintiff brings this action to recoup funds for a faulty, inoperable crisis alert and management system Defendant was obligated to provide under its bid agreement with Plaintiff. Pursuant to this bid agreement, Defendant provided express and implied warranties that this system would enable Plaintiff's staff to initiate alerts and automatically disseminate critical information quickly and reliably anywhere on school campuses, inside or outside the buildings. Defendant has failed to deliver on its promises.

1

## PARTIES

1. Plaintiff is a local governmental entity organized under the laws of North Carolina that operates a public-school system in Mecklenburg County, North Carolina.

2. On information and belief, Defendant is a limited liability company organized and existing under the laws of Delaware, with its principal place of business in Atlanta, Georgia, and doing business in North Carolina.

## VENUE AND JURISDICTION

3. This Court has subject matter jurisdiction over this action pursuant to 28 U.S.C. § 1332 because it is a lawsuit between parties of diverse citizenship and the amount in controversy exceeds $75,000.

4. This Court has personal jurisdiction over Defendant because Defendant: (a) is registered to do business in North Carolina; (b) has conducted and is conducting business in North Carolina; (c) and has entered into an agreement for goods and services to be performed and/or delivered to North Carolina.

5. Venue is proper in the Western District of North Carolina pursuant to 28 U.S.C. § 1391(b) because the agreement for goods and services to be performed and/or delivered which gives rise to the claim arose within this District.

## OPERATIVE FACTS

### Bid Agreement #1

6. On or about, August 31, 2018, Plaintiff issued a Invitation for Bids, or commonly referred to in the industry as a Request for Proposals, (hereinafter "RFP") to invite vendors to bid for a crisis alert and management system for use in its public schools, a copy of which is attached to this Complaint as **Exhibit A**.

7. The RFP provided important specifications for the proposed system and contained the following pertinent language:

> "ACCEPTANCE OF BID
>
> If any or all parts of this bid are accepted, an authorized representative of the Charlotte-Mecklenburg Board of Education shall affix their signature hereto and this document and the provisions of the Instructions to Bidders, special terms and conditions specific to this Invitation for Bids, the specifications, and The Charlotte Mecklenburg Board of Education Standard Terms and Conditions shall then constitute the written agreement between the parties. A copy of this acceptance will be forwarded to the successful bidder(s)." (**Exhibit A** at 1)

8. On September 5, 2018, Defendant submitted its Proposal and Response to RFP ("the Bid"), **Exhibit B**, and affixed its signature, signifying its acceptance of the conditions in the RFP.

9. Defendant's Bid provided in part:

(a) The Crisis Alert system "is the only employee panic system that includes an integrated crisis management platform designed to accelerate crisis awareness, response and management." (**Exhibit B** at 2)

(b) The Crisis Alert system's "wearable alert badge provides all school employees an instant way to notify appropriate personnel and authorities for a variety of classroom and school incidents or emergencies." (Id.)

(c) The Crisis Alert system "provides critical information and notifications to first responders including a link to a live audio and video feed accessible by the front office, any designated administrator's device, and internal and external first responders whenever the teacher presses the alert badge." (Id.)

(d) The Crisis Alert system "includes visual locating beacons that beep and flash the color to match the district's emergency protocols." (**Exhibit B** at 11).

3

10. In response to the District's RFP specification that "Alert Badge must be able to call for help to only designated responders and not set off a lockdown in doing so," Defendant affirmatively represented and warranted, in its Bid, that:

> "The Centegix Crisis Alert Badge includes two activation options which can be programmed to alert responders of two different incidents. The first is only a help call that goes to responders without activating a lockdown." (**Exhibit B** at 11).

11. In response to the District's RFP specification that "Alert Badge must be able to separately initiate a lockdown," Defendant affirmatively represented and warranted, in its Bid, that:

> "The Centegix Crisis Alert Badge includes two activation options which can be programmed to alert responders of two different incidents. The second option not only notifies responders, but also activates a lockdown within the school." (**Exhibit B** at 11).

12. In reliance on these representations and warranties, Plaintiff accepted Defendant's Bid and awarded Defendant the RFP on November 13, 2018.

13. Accordingly, as provided in the RFP, once Plaintiff accepted Defendant's Bid and awarded Defendant the RFP, the following documents, collectively became the written agreement between the parties: (a) the Bid; (b) the RFP; and (c) The Charlotte Mecklenburg Board of Education Standard Terms and Conditions (hereinafter, collectively referred to as "Bid Agreement #1").

14. At the time of Bid Agreement #1, Defendant had reason to know the particular purpose for which the system was required and that Plaintiff was relying on Defendant's skill and judgement to furnish a system that was suitable for Plaintiff's needs which was expressly stated to Defendant.

15. Such purpose was to provide Plaintiff: (1) a system that could quickly, accurately, and reliably notify school administrators and emergency responders of exigent circumstances, such

4

as an active shooter on the premises or an emergency medical situation; and (2) a solution for placing the school in a "lockdown mode" as expeditiously as possible, including notifying and securing the staff, teachers, and students when there is a threat.

16. The safety of students and staff depend upon the proper functioning of such system. Accordingly, Defendant impliedly warranted the goods and services would be fit for such purpose.

17. Further, Defendant agreed to the following express warranty contained in The Charlotte Mecklenburg Board of Education Standard Terms and Conditions, which became a part of the Bid Agreement #1:

> "Seller warrants that all Goods and Services delivered hereunder will be free from defects in materials and workmanship and will conform strictly to the specifications, drawings, or samples specified or furnished…..This express warranty is in addition to Seller's implied warranties of merchantability and fitness for a particular purpose which shall not be disclaimed." (**Exhibit A** at p. 20).

18. After being awarded Bid Agreement #1, Defendant began working under that Agreement, installing a system with classroom cameras, enhanced audio, and crisis alert and management system at the pilot school, Charlotte East Language Academy ("CELA").

19. Under Bid Agreement #1, Defendant also installed the crisis alert and management system in all CMS high schools.

### Bid Agreement #2

20. On or around March 21, 2019, Plaintiff issued a second Invitation for Bids ("2nd RFP") for a crisis alert and management system, but this time for its elementary and middle schools.

21. On April 22, 2019, Defendant responded to the 2nd RFP and attempted to insert additional terms, in the form of an Appendix A.

5

22. In a Request for Acknowledgment, dated June 17, 2019, Plaintiff expressly rejected Defendant's additional terms and requested Defendant to acknowledge Plaintiff's proposed terms and withdraw Defendant's proposed additional terms.

23. On June 20, 2019, Defendant affixed its signature to the Request for Acknowledgement, signifying withdrawal of its proposed additional terms and acceptance of Plaintiff's terms and conditions in the 2nd RFP.

24. On June 25, 2019, Plaintiff awarded the 2nd RFP to Defendant. Collectively, the following documents became the written agreement between the parties: (a) the Bid; (b) the 2nd RFP; and (c) the Charlotte Mecklenburg Board of Education Standard Terms and Conditions (hereinafter, collectively referred to as "Bid Agreement #2").

25. As of the date of this Complaint, neither party has taken any action or performed under Bid Agreement #2.

**System Failures**

26. Plaintiff has fully performed under Bid Agreement #1. All conditions precedent have been met or waived.

27. Based on multiple system failures and the results of Plaintiff's independent quality testing of the system, on or about January 10, 2020, Plaintiff gave Defendant thirty (30) days to replace and/or repair equipment and system operations to perform as represented and warranted by Defendant.

28. Defendant substantially breached its obligations under Bid Agreement #1 and the warranties set forth above, by actions and omissions including, but not limited to, the following:

(a) The system did not function reliably across all the Plaintiff's high schools and could not be fully utilized by Plaintiff.

(b) The system has repeatedly failed to alert necessary personnel when used.

(c) Critical alert messages were incorrect and/or truncated.

(d) Security alert badges failed to work properly and/or failed to work at all.

(e) Software issues, including desktop message failures and/or disappearance, occurred.

(f) Teacher location and/or tracking failed.

(g) The visual locating beacons do not beep and flash the color to match the Plaintiff's emergency protocols.

(h) The batteries in the beacons depleted at an alarming rate.

(i) Alert beacons failed repeatedly to turn on and/or off when necessary.

(j) Beacons were poorly placed and repeatedly dislocated from ceiling or other surfaces.

(k) On at least one occasion, the Alert Badge accidently triggered a lockdown when a teacher attempted to called for help to break up a fight in her classroom. Once the system was in lockdown, it did not alert the necessary personnel. Further, the lockdown could not be disabled by Plaintiff and had to be disabled remotely from Defendant's personnel in Atlanta.

(l) The system caused significant delays of critical safety information.

(m) The system did not comply with the descriptions set forth in the RFP.

(n) The goods provided were not free from defects.

(o) Despite Plaintiff's repeated concerns, Defendant failed to repair or correct the persistent and evasive defects.

29. Plaintiff suffered damages as a result of the failure of the System to conform with descriptions, representations and warranties made by Defendant and relied upon by the Plaintiff in procuring the system.

## FIRST CLAIM FOR RELIEF
### (Breach of Contract as to Bid Agreement #1)

30. Plaintiff realleges and incorporates herein by reference the foregoing allegations as though fully set forth herein.

31. As recounted above, a valid contract existed between Defendant and Plaintiff.

32. Defendant breached that contract by failing to provide an operable system to Plaintiff that met the specifications in Bid Agreement #1 and failed to conform with the representations and warranties made by Defendant.

33. As a result of the breach, Plaintiff suffered damages including, but not limited to, payment for goods and services, and loss of employee time.

34. Plaintiff is entitled to a refund of the purchase price and in the alternative and/or in addition to the refund, plaintiff is entitled to recover its actual damages.

## SECOND CLAIM FOR RELIEF
### (Breach of Express Warranty as to Bid Agreement #1)

35. Plaintiff realleges and incorporates herein by reference the foregoing allegations as though fully set forth herein.

36. Defendant made an express warranty, as described in Paragraph 28 of the Complaint, that the goods and services provided by the Defendant would be free from defects in materials and workmanship and would conform strictly to the specifications, drawings, or samples specified or furnished.

37. Plaintiff relied up on this warranty in deciding to enter into Bid Agreement #1 with the Defendant.

38. Defendant breached this warranty because the goods and services provided by the Defendant were not free from defects in materials and workmanship and did not conform strictly to the specifications, drawings, or samples specified or furnished.

39. Defendant failed to repair or replace the goods as to conform with its condition as warranted.

40. As a result of the breach, Plaintiff suffered damages including loss of employee time.

41. Plaintiff is entitled to a refund of the purchase price and in the alternative and/or in addition to the refund, plaintiff is entitled to recover its actual damages.

### THIRD CLAIM FOR RELIEF
### (Breach of Implied Warranty of Merchantability as to Bid Agreement #1)

42. Plaintiff realleges and incorporates herein by reference the foregoing allegations as though fully set forth herein.

43. The system bought and sold were subject to an implied warranty of merchantability.

44. As a result of the defects set forth herein Paragraph 28 of this Complaint, the system was not merchantable in that they were defective at the point installation.

45. Defendant failed to repair or replace the goods as to conform with its condition as warranted.

46. As a result of the breach, Plaintiff suffered damages including loss of employee time.

47. Plaintiff is entitled to a refund of the purchase price and in the alternative and/or in addition to the refund, plaintiff is entitled to recover its actual damages.

### FOURTH CLAIM FOR RELIEF
### (Breach of Implied Warranty of Fitness for a Particular Purpose as to Bid Agreement #1)

9

48. Plaintiff realleges and incorporates herein by reference the foregoing allegations as though fully set forth herein.

49. Defendant at the time of contracting had reason to know of the particular purpose for which the goods were required and that Plaintiff was relying on the Defendant's skill or judgment to select or furnish suitable goods.

50. As a result of the defects set forth herein Paragraph 28 of this Complaint, the system was not fit for the particular purpose intended.

51. Defendant failed to repair or replace the goods as to conform with its condition as warranted.

52. As a result of the breach, Plaintiff suffered damages including loss of employee time.

53. Plaintiff is entitled to a refund of the purchase price and in the alternative and/or in addition to the refund, plaintiff is entitled to recover its actual damages.

**FIFTH CLAIM FOR RELIEF**
**(Breach of Express Warranty by way of Description as to Bid Agreement #1)**

54. Plaintiff realleges and incorporates herein by reference the foregoing allegations as though fully set forth herein.

55. In its bid, Defendant provided a description of the goods which was made part of the basis of the bargain.

56. Defendant warranted the goods would conform to the description.

57. Plaintiff relied upon this warranty in deciding to enter in Bid Agreement #1 with Defendant.

58. As a result of the defects set forth herein Paragraph 28 of this Complaint, Defendant has breached the express warranty by way of description.

59. Defendant failed to repair or replace the goods as to conform with its condition as warranted.

60. As a result of the breach, Plaintiff suffered damages including, but limited to, payment for goods and services, and loss of employee time.

61. Plaintiff is entitled to a refund of the purchase price and in the alternative and/or in addition to the refund, plaintiff is entitled to recover its actual damages.

## SIXTH CLAIM FOR RELIEF
### (Unfair and Deceptive Trade Practices as to Bid Agreement #1)

62. Plaintiff realleges and incorporates herein by reference the foregoing allegations as though fully set forth herein.

63. At the time Defendant made the representations and promises to the Plaintiff, as recounted in Paragraphs 9-11 of the Complaint, Defendant had no reasonable expectation the system would work in the manner that was warranted, promised and described.

64. On information and belief, at the time of making its representations and promises to Plaintiff, Defendant had reason to know that its system was faulty and inoperable which it failed to disclose to the Plaintiff. Had Plaintiff been informed of the persistent and evasive problems with the system, Plaintiff would not have entered into Bid Agreement #1 with Defendant.

65. As a result of the breach, Plaintiff suffered damages including, but not limited to, loss of employee time.

66. The representations and warranties made by Defendant to Plaintiff were in or affecting commerce.

67. Defendant's actions were oppressive and overreaching. Defendant was fully aware that the safety of staff and students depended on the proper functioning of the system.

68. Defendant, by the acts described above, engaged in unfair and deceptive trade practices in and affecting commerce in violation of N.C. Gen. Stat. § 75-1.1. As a result, Plaintiff has suffered actual damages and such other damages proximately caused by Defendants' unlawful conduct.

69. Defendant acted willfully when it either knew or should have known that its actions were immoral, unethical, unscrupulous, and malicious.

70. Pursuant to N.C. Gen. Stat. §§ 75-16 and 75-16.1, Plaintiff is entitled to recover treble its actual damages resulting from Defendant's unfair and deceptive trade practices, in addition to its reasonable attorneys' fees.

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff prays that the Court enter judgment in its favor on all counts and:

A) Award Plaintiff its actual damages in an amount to be determined at trial, such damages to be trebled pursuant to N.C. Gen. Stat. § 75-16.

B) Award Plaintiff punitive damages and its attorneys' fees incurred in this action;

C) Tax all costs of this action to the Defendant;

D) Provide for a jury to determine all issues of fact; and

E) Order such other and further relief as it considers appropriate.

This the 29th day of April, 2020.

/s Hope A. Root
Hope A. Root
N.C. Bar No. 19771
General Counsel
Charlotte-Mecklenburg Board of Education
600 E. Fourth Street, 5th Floor
Charlotte, North Carolina 28202
Phone: 980-343-6228
Facsimile: 980-343-5739
Email: hopea.root@cms.k12.nc.us


/s Deja D. Kemp
Deja D. Kemp
N.C. Bar No. 50810
Deputy General Counsel
Charlotte-Mecklenburg Board of Education
600 E. Fourth Street, 5th Floor
Charlotte, North Carolina 28202
Phone: 980-343-6228
Facsimile: 980-343-5739
Email: deja1.kemp@cms.k12.nc.us

*Attorneys for Plaintiff*