# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF NORTH CAROLINA
# CHARLOTTE DIVISION
## Civil Action No: 3:20CV00259

| | |
|---|---|
| THE CHARLOTTE MECKLENBURG BOARD OF EDUCATION,<br><br>Plaintiff,<br><br>v.<br><br>34 ED, LLC d/b/a CENTEGIX,<br><br>Defendant. | DEFENDANT 34 ED, LLC d/b/a CENTEGIX'S MEMORANDUM IN OPPOSITION TO PLAINTIFF'S MOTION TO ENJOIN ARBITRATION PROCEEDINGS |

34 ED, LLC d/b/a CENTEGIX ("Centegix" or "Defendant") respectfully submits this memorandum in opposition to the Motion to Enjoin Arbitration Proceedings ("Motion to Enjoin") filed by the plaintiff, Charlotte Mecklenburg Board of Education ("CMBE" or "Plaintiff"). CMBE's motion is moot by virtue of the American Arbitration Association's ("AAA's") decision to hold the arbitration proceedings filed by Centegix against CMBE in abeyance pending the outcome of judicial proceedings regarding arbitrability.

I. <u>Centegix Has Informed the American Arbitration Association That It Will Await a Decision from the Courts, and the AAA Has Placed the Arbitration Proceeding in Abeyance; Therefore CMBE's Motion to Enjoin Arbitration Proceedings is Moot.</u>

On May 22, 2020, in response to a status inquiry from the American Arbitration Association ("AAA"), Jeffrey D. Horst, one of Centegix's attorneys, informed the AAA, with copies to CMBE's counsel, that "the issue of whether this arbitration is going to go forward in Georgia is currently pending before 2 federal courts" and that Centegix's counsel would contact the AAA after "one or both of those courts" have issued decisions. Declaration of Robert E.

Harrington (Doc. 5-3, Pg. 9 of 13) ("Harrington Decl.") ¶ 7 & Ex. 3.[1]  On May 26, 2020, Allyson Connor, the Director of ADR Operations at the AAA in Atlanta, responded to Mr. Horst's email by writing to counsel for Centegix and CMBE: "This will acknowledge Mr. Horst's email of May 22.  AAA will place this matter in abeyance pending notification of the outcome of the court proceedings.  Please keep us updated with any changes."  Harrington Decl. ¶ 8 & Ex. 4.

CMBE's motion seeks a preliminary injunction to temporarily freeze the Georgia AAA proceedings in place until there is a judicial decision on threshold arbitrability issues. As Ms. Connor's correspondence confirms, the AAA is holding all proceedings in abeyance until such time as a court decides whether the matter should proceed to arbitration.  As CMBE now has all the relief it seeks in its motion for preliminary injunction, the motion is moot.[2]

II.  <u>In Any Event, CMBE Cannot Establish Need for or Entitlement to a Temporary Injunction</u>.

In the event the Court decides to address the merits of CMBE's Motion to Enjoin, the motion should be denied.  Contemporaneously with this memorandum, Centegix filed a Motion to Stay or, Alternatively, Dismiss This Action and a supporting memorandum.  The substantive issues underlying that motion and this Motion to Enjoin are the same.  The same issues also underlie the Petition to Compel Arbitration and Motion to Compel Arbitration that Centegix has filed in the

---

[1] Counsel for CMBE and Centegix have been engaged in discussions regarding the underlying dispute between the parties since before CMBE's General Counsel sent a demand letter to undersigned counsel for Centegix on February 12, 2020.  *See* Harrington Decl. ¶ 3 & Ex. 1.  Nonetheless, CMBE failed to contact Centegix before filing the Motion to Enjoin to determine Centegix's position on the relief CMBE requests here.  *Id*. ¶ 6.  While CMBE's motion may not technically violate Local Rule 7.1(b)'s consultation requirement because no counsel for Centegix had appeared in this Court when the motion was filed, consulting with counsel would have been consistent the spirit of LR 7.1(b) and may have avoided the need to brief these issues.

[2] In its Motion to Enjoin, CMBE also requests a stay of Centegix's "Petition and Motion to compel in the Middle District of Georgia."  Mot. Enj. at 2.  CMBE cites no authority to support enjoining proceedings in another federal court—and Centegix is aware of none.  CMBE did not brief that request in its Memorandum of Law in Support of Motion to Enjoin Arbitration Proceedings ("Memo. Supp. Mot. Enj."), and Centegix believes that CMBE has abandoned that request.

2

Case 3:20-cv-00259-GCM   Document 10   Filed 05/26/20   Page 2 of 7

United States District Court for the Middle District of Georgia (the "Georgia Action").[3] Accordingly, either this Court or the Georgia federal court will decide the threshold issues of arbitrability. As a result, there is no urgency justifying a temporary injunction (because the AAA proceedings are on hold) and no separate issues to be decided on this motion.

On the merits, CMBE's Motion to Enjoin calls for the Court to consider whether CMBE has established the following factors: (1) a likelihood of success on the merits, (2) the likelihood of irreparable harm to the CMBE, if the injunctive relief is denied, (3) the balance of hardships weighs in CMBE's favor (and against Centegix), and (4) the injunction is in the public's interest. *League of Women Voters of N.C. v. North* Carolina, 769 F.3d, 224, 236 (4th Cir. 2014). Here, CMBE cannot establish that any of these factors supporting the issuance of a preliminary injunction.

> A. <u>CMBE Cannot Establish Any Likelihood of Harm in the Absence of a Preliminary Injunction, and *a Fortiori*, CMBE Will Not Suffer an Injury that Outweighs Harm to Centegix</u>.

CMBE bases its argument that it will suffer irreparable harm will occur in the absence of a preliminary injunction on its being forced to arbitrate a dispute which, it contends, it did not agree to arbitrate. Memo. Supp. Mot. Enj. at 14-15. However, given Centegix's agreement that it will not seek to advance the AAA arbitration in Georgia until the courts have decided the threshold issues of arbitrability and the AAA's decision to hold the arbitration proceeding in abeyance pending the courts' decision, CMBE is not exposed to this injury. *See* Harrington Decl. Ex. 3 & 4. It follows that there are no relative injuries here to balance. Given the absence of *any* potential

---

[3] As Centegix explained in the memorandum in support of its Motion to Stay or, Alternatively, to Dismiss, the Georgia Action is necessary because, while this Court has the power to stay this action pending arbitration, under Section 3 of the Federal Arbitration Act (the "FAA"), it lacks the power under Section 4 of the FAA to compel CMBE to arbitrate in Georgia in accordance with the parties' agreement. 9 U.S.C. §§ 3, 4; *see, e.g. U.S. ex rel. TGK Enterprises, Inc. v. Clayco, Inc.*, 978 F. Supp. 2d 540, 551 (E.D.N.C. 2013); Defendant 34 ED, LLC d/b/a Centegix's Memorandum in Support of Motion to Stay or, Alternatively, to Dismiss This Action ("Centegix Memo. Supp. Stay") at 6-8.

3

injury to CMBE before the courts can address the arbitrability issues, the Court's analysis should end here.

B. CMBE Cannot Establish a Likelihood of Success on the Merits.

In the memorandum in support of its Motion to Stay, Centegix describes in detail the reasons the arbitration clause contained in the parties' Scope of Work Agreement is enforceable and requires stay or dismissal of this action in favor of arbitration in Georgia. The dispute over arbitrability here, as in all cases, should be viewed against the backdrop of the strong "policy favoring arbitration agreements." *See Moses Cone Memorial Hosp. v. Mercury Constr. Corp.*, 460 U.S. 1, 24, 103 S. Ct. 927, 941 (1983); Centegix Memo. Supp. Stay at 8-10. Derek Root, the CMBE Chief Technology Officer, validly executed the Scope of Work on CMBE's behalf, as an amendment to the contract CMBE pleads as the basis for its claims against Centegix.[4] *See* Centegix Memo. Supp. Mot. Stay at 10-18. The arbitration clause contained in the Statement of Work Agreement delegates to the arbitrator the decision whether the parties' dispute falls within the scope of the clause. *See, e.g., First Options of Chicago, Inc. v. Kaplan*, 514 U.S. 938, 943, 115 S. Ct. 1920, 1923 (1195); Centegix Memo. Supp. Mot. Stay at 18-19. Should the Court, however, disagree and decide to address these issues, the matters in dispute here fall squarely within the scope of the agreement to arbitrate. *See* Centegix Memo. Supp. Mot. Stay at 20. Centegix also points out in the memorandum in support of its Motion to Stay that these arbitrability issues should be decided by the Georgia federal court in the Georgia Action because only that court can grant complete relief and compel the parties to arbitration in Georgia in accordance with

---

[4] As Centegix notes in the memorandum supporting its Motion to Stay, CMBE has been inconsistent in its position on whether it entered into a written agreement governing the purchase and sale of the Centegix crisis alert system. For purposes of its Motion to Stay, and this motion, Centegix accepts that a written agreement exists between it and CMBE for this transaction. *See* Centegix Memo. Supp. Mot. Stay at 3-4 n.2.

4

the arbitration clause contained in the Scope of Work Agreement. *See supra* note 3; Centegix Memo. Supp. Mot. Stay at 6-8.

    C. No Issue of Public Interest Exists.

Absent the fact that the AAA proceeding is currently in abeyance pending the outcome of the motions before this Court and the United States District Court for the Middle District of Georgia, Centegix would brief the impact of the federal policy favoring arbitration, *see supra* at 4, and the strength of the arbitration provision contained in the parties' Scope of Work Agreement. However, because the arbitration proceeding is in abeyance awaiting the courts' decision on arbitrability, there is no issue of public interest separate from the matters to be decided in Centegix's Petition to Compel Arbitration and Motion to Compel Arbitration in the Georgia Action and its Motion to Stay or, Alternatively, to Dismiss in this action.

## CONCLUSION

For the foregoing reasons, CMBE's Motion to Enjoin Arbitration Proceedings is moot and, in any event, should be denied.

This 26th day of May, 2020.

                                                s/ Robert E. Harrington
                                                Robert E. Harrington
                                                N.C. Bar No. 26967
                                                rharrington@robinsonbradshaw.com

                                                Cary B. Davis
                                                N.C. Bar No.  36172
                                                cdavis@robinsonbradshaw.com

                                                Gabriel Wright
                                                N.C. Bar No. 52472
                                                gwright@robinsonbradshaw.com

Attorneys for Defendant 34 ED, LLC d/b/a
CENTEGIX

ROBINSON, BRADSHAW & HINSON, P.A.
101 North Tryon Street, Suite 1900
Charlotte, North Carolina 28246
(704) 377-2536

## CERTIFICATE OF SERVICE

I hereby certify that on May 26, 2020, I electronically filed the foregoing **DEFENDANT 34 ED, LLC. d/b/a CENTEGIX'S MEMORANDUM IN SUPPORT OF MOTION TO STAY PENDING ARBITRATION AND, ALTERNATIVELY, TO DISMISS** with the Clerk of Court using the CM/ECF system which will send notification of such filing to the following:

>Hope A. Root
>Charlotte-Mecklenburg Board of Education
>600 E. Fourth Street, 5th Floor
>Charlotte, North Carolina  28202
>hopea.root@cms.k12.nc.us
>
>Deja D. Kemp
>Charlotte-Mecklenburg Board of Education
>600 E. Fourth Street, 5th Floor
>Charlotte, North Carolina  28202
>deja1.kemp@cms.k12.nc.us
>
>*Attorneys for Plaintiff*

This 26th day of May, 2020

s/ Robert E. Harrington
Robert E. Harrington
